JAMES M. DORE (SBN 343860)
jdore@justicialaboral.com
JUSTICIA LABORAL, LLC.
6232 N. Pulaski Rd. Suite 300
Chicago, IL 60646
Telephone (773) 415-4898

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yargelina Beatriz Rodezno Selaya, individually and on behalf of Themselves and all other similarly situated persons, known and unknown,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Accurate Courier NCA LLC,<br><br>　　　　　　　Defendant. | Case No.: 24-CV-6408<br><br>Class Action and Collective Matter<br><br>**Complaint for Declaratory Relief and Monetary Damages for Violations of: (1) FLSA – Overtime Wages (2) Cal. Labor Code and Wage Order 7 - Overtime Wages; (3) Cal. Labor Code – Waiting Time Penalties; (4) Cal. Labor Code - Meal Break Violations (5) Cal. Labor Code - Rest and Lunch Break Violations; (6) Cal. Labor Code – Wage Statement Violations; and (7) Cal. Business and Professions Code – Violation of Unfair Competition Law** |

**NOW COMES** Plaintiff Yargelina Beatriz Rodezno Selaya, individually and on behalf of Themselves and all other similarly situated persons, known and unknown (cumulatively "Plaintiffs") and in complaining of the Defendant Accurate Courier NCA LLC ("Defendant"), and states as follows:

## NATURE OF THIS ACTION

1. This is an action for relief from Defendant's violations of Plaintiffs' workplace rights. Defendant violated federal and state wage and hour laws with regard to its treatment of Plaintiffs.

COMPLAINT AT LAW　　　　　　　1

2. This is an action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., and the California Labor Code, to obtain relief for Plaintiffs and proposed classes/collective(s); Plaintiffs intend on amending the Complaint to bring claim(s) under the Private Attorneys General Act of 2004, California Labor Code § 2698, et seq. ("PAGA"), individually and on behalf a class of aggrieved employees, when appropriate.

3. This action is brought by Plaintiffs to secure declaratory relief and damages to remedy Defendant's violations of federal, state, and local employment laws by failing to adequately compensate Plaintiffs for the hours worked, and to secure declaratory, compensatory, and punitive damages under federal and state employment laws. Plaintiffs bring all counts in this action individually and on behalf of proposed classes under the state law claims and on behalf of a proposed collective with regard to the FLSA claim.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the FLSA.

5. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' claims under the California Labor Code, the Unfair Competition Law, and/or PAGA form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with her/his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

6. Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Northern District of California because Plaintiffs reside in this District, Defendant employed

Plaintiffs in this District, Defendant operates its business in this District, and the unlawful employment practices alleged herein giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

7. Plaintiff Yargelina Beatriz Rodezno Selaya is a current resident of San Jose, California.

8. Defendant Accurate Courier NCA LLC is a limited liability company doing business in California, and specifically the areas encompassed by this District. It provides transportation of pharmaceutical and medical equipment. At all times relevant herein Defendant Accurate Courier NCA LLC was Plaintiffs' employer covered by the FLSA, the California Labor Code, and Industrial Welfare Commission Wage Order 9 ("Wage Order 9"), and Industrial Welfare Commission Minimum Wage Order MW-2007 ("General Minimum Wage Order").

## STATEMENT OF FACTS

9. Plaintiff Yargelina Beatriz Rodezno Selaya worked for Defendants as a medical and pharmaceutical transportation worker from approximately July 28, 2020, to May 24, 2023.

10. Defendant willfully, intentionally, and with reckless disregard denied Plaintiff and all other similarly situated persons all the wages to which she was entitled under the FLSA, state law, and/or any local ordinance.

11. During Plaintiff's employment with Defendant, Plaintiff and other aggrieved employees were required to work more than 40 hours per week, but Defendant failed to compensate Plaintiff and other aggrieved employees at the legally mandated 1.5 times their regular rates of pay for hours worked over 40 hours per week. This was a violation of the FLSA and Labor Code §§ 1194(a) and 1198; Wage Order 7, and the California Labor Code.

12. Defendant was required under Labor Code § 226.2 to pay Plaintiff and proposed

Class Members their average hourly rate for their time spent on rest breaks separately and apart from their regular hours; further, Defendant were required to actually allow Plaintiff and the proposed Class Members genuine rest breaks where they were not required to work but did.

13. Defendant's regular practice was not to allow Plaintiff and proposed Class Members to take genuine rest breaks; Defendant in fact required Plaintiffs and proposed Class Members to work throughout their workday.

14. Defendant failed to authorize compliant rest breaks in accordance with § 12 of the applicable Wage Order and applicable law, thereby triggering an obligation to make premium payments to Class Members under Labor Code § 226.7 and Wage Order No.-2001,

15. Defendant's policies and/or practices also did not authorize and permit Plaintiff and proposed Class Members to take paid off-duty rest periods. At a minimum, Plaintiff and the Class Members should have been provided required rest breaks. Defendant, however, maintained policies and practices that instructed and/or expected Plaintiff and proposed Class Members to continue making themselves available for work and/or to continue to work. Thus, Defendant failed to authorize and permit compliant rest breaks in accordance with Wage Order 95 No. 4-2001, § 12(A) thereby triggering an obligation to make premium payments to Plaintiff and the Class Members on a class-wide basis under Labor Code § 226.7 and Wage Order No.-2001, § 12(B).

16. As an additional consequence of Defendant's failure to pay wages owed for premium pay rest breaks, Plaintiff and Class Members did not receive all compensation due to them in their final paychecks. As a result, Plaintiff and the other Class Members did not receive all wages due upon termination; nor did they receive these wages due within 30 days of the separation of their employment from Defendant.

17. Defendant's failure to pay wages owed for overtime and rest breaks and/or

premium pay, had the additional consequence that Defendant failed to issue accurate wage statements to the Plaintiff and Class Members which included (1) gross wages earned, (2) total hours worked, (3) net wages earned (4) total hours of compensable rest and recovery periods; (5) rate of compensation for rest and recovery periods; (7) gross wages paid for compensable rest and recovery periods; (8) total hours of nonproductive time; (9) rate of compensation for nonproductive time; and (10) gross wages paid for nonproductive time, as required under Labor 111 Code §§ 226(a) and 226.2(a).

18. As a result, Plaintiff and the Class Members could not readily ascertain their regular hourly rate, the total hours worked at that rate, the total hours worked during a pay period, and the gross and net wages earned from the wage statements alone, without reference to other document or information, including wage statements from previous pay periods. Plaintiffs and the Class Members have therefore suffered injury for the purposes of Labor Code § 226(e).

## Collective Action Allegations

19. Plaintiff brings this complaint as a Collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former California employees of Defendant who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present (the "COLLECTIVE ACTION GROUP").

20. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because their claims are similar to the claims of the putative plaintiffs of the representative action.

21. Plaintiff is similarly situated to the putative Plaintiffs with regards to their job duties. They were subject to Defendant's common practice, policy, or plan of refusing to pay

employees overtime in violation the FLSA. Plaintiff and the putative plaintiffs were victims of a common policy or plan that violated the law.

22. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## Class Action Allegations

23. Plaintiff also brings claims under California Law as a class action pursuant to FRCP Rule 23 on behalf of a Class which consists of:

All of Defendant's California employees who were, are, or will be employed by Defendant as a non-exempt, hourly, employee or in any other substantially similar positions during the period commencing four years prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class").

24. Plaintiff is informed and believes that at least one member of the Class is a citizen of a state other than California.

25. Plaintiff is informed and believes that the amount in controversy in the Complaint exceeds the sum or value of $1,000,000.

26. Defendant, as a matter of corporate policy, practice, and procedure, and in violation of the applicable California Labor Code, IWC Wage Order Requirements, and other applicable provisions of California law, intentionally, knowingly, and willfully refused to pay all compensation owed to the Plaintiff and the other members of the Class for their hours worked, failed to provide accurate itemized wage statements, failed to provide meal and rest breaks, and failed to pay all wages when due.

27. Plaintiff brings this class action pursuant to Rule 23 on behalf of the Class. Upon information and belief, there are more than 300 Class Members. The members of the Class are so numerous that joinder of all members is impractical.

28. Plaintiff's claims are typical of the claims of the members of the Class because they were workers who were (a) not paid at least his average hourly rate for time spent on rest breaks, (b) subject to Defendant's policies and practices that prevented and/or impeded his ability to take authorized and permitted to take paid off-duty rest periods, (c) not paid break premium pay; and (d) not paid all wages due at termination.

29. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiff and the Class are the following:

   a. Whether Class Members are employees entitled to paid off-duty rest
      breaks, and/ or entitled to separate and hourly pay for rest breaks;

   b. Whether Defendant violated Labor Code §§ 226.2 and the applicable Wage Order by failing to pay Plaintiffs and the Class separately and apart from for their rest breaks during the work day;

   c. Whether Defendant violated the applicable Wage Order by maintaining
      policies and practices that prevented or impeded Class Members from being

authorized and permitted paid rest periods during the work day;

d.      Whether Defendant violated Labor Code § 226.7 and the applicable Wage Order by failing to pay one hour of premium pay to each member of the Class for each day that a paid rest period was not provided during the work day;

e.      Whether Defendant violated Labor Code § 226(a) and 226.2 by failing to issue accurate and itemized wage statements to the Class Members;

f.      Whether Defendant's violation of Labor Code § 226(a) was knowing and intentional;

g.      Whether Class Members suffered injury for the purposes of Labor Code § 226(e);

h.      Whether Defendant violated Labor Code § 203 by failing to pay the members of the Class for all of their wages due to them upon separation of their employment, including the one hour of premium pay to each member of the Class for each day that a paid rest period was not provided during the work day;

i.      The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiffs and the Class;

j.      Whether the Class is entitled to declaratory relief.

31.     Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and

efficient adjudication of this controversy. Class Members are readily identifiable from Defendant's employee rosters and/or payroll records.

32. Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

33. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

**FIRST CLAIM FOR RELIEF**
**BY PLAINTIFF ON BEHALF OF THEMSELVES AND COLLECTIVELY ON BEHALF OF THOSE SIMILARLY SITUATED FOR FAILURE TO PAY WAGES DUE UNDER THE FLSA**
**(Collective Action under the FLSA)**

34. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

35. Plaintiff brings this claim individually and on behalf of the COLLECTIVE ACTION GROUP.

36. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiff and the COLLECTIVE ACTION GROUP all wages due and owed under the FLSA, including agreed-upon wages and for overtime hours, as mandated by U.S.C. § 207(a),

37. Defendant's willful violation of the FLSA entitles Plaintiff to recover unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial. *See*

29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**BY PLAINTIFF ON BEHALF OF THEMSELVES AND THE CLASS FOR FAILURE TO PAY OVERTIME WAGES UNDER VIOLATION OF CAL. LAB. CODE 1194 and WAGE ORDER 7**
(Class Action under FRCP Rule 23)

38. Plaintiff incorporates by reference each and every allegation contained above.

39. California Labor Code Section 1194(a) provides:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Further, Wage Order 7, Section 3(A) provides:

3. HOURS AND DAYS OF WORK

(A) Daily Overtime-General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/ 2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 1/ 2) times the employee's regular rate of pay for all hours worked in

excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek

40. California law requires an employer to pay each employee premium pay at a rate of at least one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday or forty hours in a workweek.

41. During employment, Plaintiff and the Class worked in excess of eight hours in one or more workdays and/or in excess of forty hours in a workweek.

42. In violation of the California Labor Code, Defendants did not pay, and Plaintiff and the Class did not receive, the full amount of overtime premium pay for their work on these days.

43. Plaintiff and the Class are entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## BY PLAINTIFF ON BEHALF OF THEMSELVES AND THE CLASS
## FOR WAITING TIME PENALTIES IN VIOLATION
## OF THE CALIFORNIA LABOR CODE
**(Class Action under FRCP Rule 23)**

44. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

45. The California Labor Code applied to Plaintiff's employment with Defendant at all times relevant herein.

46. Plaintiff brings this claim individually and on behalf of the Class.

47. California Labor Code Section 203 provides:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

48. Plaintiff's last day of work was on May 24, 2023.

49. Defendants willfully failed to pay Plaintiff and the Class her wages due after Plaintiff's employment with Defendants terminated.

50. California Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. California Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor Code §§ 201 and 202.

51. At all relevant times during her employment, Defendant willfully failed to pay Plaintiff all overtime, and/or double-time wages due as set forth in the California Labor Code and Wage Order. Defendant willfully failed to pay Plaintiff all wages owed to her immediately upon her discharge, and such earned wages remain unpaid, in violation of the Labor Code. Plaintiff has repeatedly demanded that Defendant pay her owed wages, verbally and in writing. To date Defendant has willfully and intentionally refused, and continues to refuse, to pay Plaintiff her owed wages in violation of the California Labor Code.

52. Pursuant to California Labor Code § 203, Plaintiff and the Class are entitled to waiting time penalties in an amount equal to thirty (30) days' wages, plus attorney's fees and costs, and interest.

**FOURTH CLAIM FOR RELIEF
BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS FOR
FAILURE TO PAY MEAL PREMIUM PAY IN VIOLATION OF
THE CALIFORNIA LABOR CODE**
(Class Action under FRCP Rule 23)

53. Plaintiff incorporates by reference each and every allegation contained above.

54. Plaintiff brings this claim individually and on behalf of the Class.

55. Under California law, during qualifying shifts, employees are entitled to an uninterrupted meal period during which they are relieved of all duties. If meal periods are not provided during qualifying shifts, the employer must pay the employee one hour of pay at the employee's regular rate of compensation.

56. Plaintiff and the Class consistently worked qualifying shifts without receiving meal periods. Defendant failed to compensate for this.

57. Plaintiff is entitled to recover an amount equal to one hour of wages per missed meal period, interest, applicable penalties, attorneys' fees, and costs.

**FIFTH CLAIM OF RELIEF
BY PLAINTIFF ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS
FOR FAILURE TO PAY REST BREAK PREMIUM PAY UNDER CAL. LABOR CODE**
(Class Action under FRCP Rule 23)

58. Plaintiff incorporates by reference each and every allegation contained above.

59. Under California law, employees are entitled to a paid ten-minute rest break for every four hour period worked, or significant portion thereof. During rest breaks, employers must relieve employees of all duties and relinquish control over how they spend their time. For each day

adequate rest periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

60. Plaintiff and the Class consistently worked four hours per day without adequate rest breaks. Defendant failed to compensate for the missed breaks.

61. Plaintiff and the Class are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees, and costs.

## SIXTH CLAIM FOR RELIEF
## BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PROVIDE ACCURAGE WAGE STATEMENTS UNDER THE CAL. LABOR CODE
**(Class Action under FRCP Rule 23)**

62. Plaintiff incorporates by reference each and every allegation contained above. Plaintiff brings this claim individually and on behalf of the Class.

63. The purpose for section 226 is to ensure the employees are able to determine whether or not they are being paid their wages in accordance with California law. Under Labor Code section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

64. Defendant violated the above statute by failing to provide paystubs which accurately accounted for all hours worked and pay owed. None of the statements provided by Defendant to Plaintiff and the Class accurately reflected true hours worked, overtime hours owed, actual gross wages, net wages earned, or any premium wages owed for Defendant's failure to provide lawful meal and rest periods. Because Plaintiff was not aware of what their true wages should be and how they were calculated, they suffered economic loss in the form of lower wages for their l

65. As a result of Defendant's knowing and intentional violations of Labor Code §

226(a) described above, Class Members are entitled to recover an initial penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage statement issued to them, up to an amount not exceeding an aggregate penalty of $4,000 for each Class Member, pursuant to Labor Code § 226(e).

66. Plaintiff, on behalf of themselves and all other Class Members, requests relief as described below.

### SEVENTH CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA BUSINESS AND
### PROFESSIONS CODE-UNFAIR COMPETION LAW
### Plaintiff, individually and on behalf of a Class, against Defendant

67. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

68. At all times relevant herein through Defendant's acts and omissions alleged herein, Defendant committed unlawful acts that violated Business and Professions Code §§ 17200 et seq.

69. Defendant's unlawful acts included violating the California Labor Code, Wage Order 7, and General Minimum Wage Order, as alleged herein, including Labor Code §§ 1194, 201-3, 1197.5, 226, and 1185.

70. Defendant's violations of these statutes, regulations, and ordinances independently and separately constitute an unlawful business practice within the meaning of Business and Professions Code §§ 17200 et seq.

71. As a result of the aforementioned acts, Plaintiffs have lost and continue to lose money or property, and has suffered and continues to suffer injury in fact.

72. Plaintiffs are entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for, among other things, all unpaid wages, and interest since four (4) years prior to filing of the Complaint.

73. Plaintiffs are informed and believe, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendant lowered its labor costs and thereby obtained a competitive advantage over law-abiding employers with which it competes.

74. Plaintiffs take upon themselves the enforcement of the aforementioned laws and lawful claims. Enforcement of California's laws is in the public interest. There is a financial burden incurred in pursuing this action. Plaintiffs therefore seek recovery of attorney's fees as provided by Code of Civil Procedure § 1021.5.

75. Plaintiffs are entitled to restitution in the amounts unlawfully withheld by Defendants, with interest; and an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Yargelina Beatriz Rodezno Selaya, individually and behalf of the described Class(es) and Collective respectfully prays that this Court enter judgment against Defendants Accurate Courier NCA LLC as follows:

1. A declaratory judgment that Defendant's actions complained of herein have violated Plaintiff's rights under the FSLA and the California Labor Code, including the right to be free from retaliation for the assertion of rights protected by the California Labor Code;

2. For an order certifying the federal claims as a collective action;

3. For an order certifying as a class action, under FRCP Rule 23, the state law claims;

4. Unpaid wages and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful acts, according to proof;

5. Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

6. General, compensatory, and special damages according to proof;

7. Exemplary and punitive damages according to proof; and

8. Interest accrued on Plaintiffs' damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code § 218.6;

9. Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

10. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

Dated:  September 11, 2024                              JUSTICIA LABORAL, LLC.


By:       /S/ James M. Dore

James M. Dore

*Attorneys for Plaintiff*
Justicia Laboral LLC
6232 N. Pulaski #300
Chicago, Illinois 60646
T:  (773) 415-4898
E: jdore@justicialaboral.com

# EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION

1. I am over the age of eighteen and competent to give my consent in this matter.

2. I consent and agree to pursue my claims for wages, overtime amounts, that I allege are due to me for work I performed for which I allege the Defendant is liable.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover alleged wages, overtime, and/or other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

4. I choose to be represented by class counsel Justicia Laboral LLC for all purposes in this action and to take any steps necessary to pursue my claims, including filing new lawsuits.

5. I designate any named plaintiffs, to the fullest extent possible under applicable laws, as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, compensation due my attorneys, and all other matters pertaining to this lawsuit.

6. I consent and agree to act as representative class representative for any other claims for which I allege the Defendant is liable.

7. This consent was translated for me into Spanish by an employee of Justicia Laboral LLC prior to signing.

**Date Signed:** 9/11/2024

**Signature:** DocuSigned by: _____ 1A7C9BF5EB914EC...

**Printed:** YBRS
Yargelina Beatriz Rodezno Selaya